UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

KACIRAH NELSON,
    Plaintiff,

v.                                                3:19cv96 (WWE)

FIRST TRANSIT, INC.,
    Defendant.

## **RULING ON DEFENDANT'S MOTION TO DISMISS**

Plaintiff Kacirah Nelson alleges that defendant First Transit violated the Connecticut Fair Employment Practices Act ("CFEPA") by subjecting her to disparate treatment based on her race (count one) and a hostile work environment (count two).

Defendant moves to dismiss the complaint in its entirety. Defendant argues that plaintiff has failed to state a plausible claim for disparate treatment based on race, and that plaintiff has failed to exhaust her administrative remedies for her hostile environment claim. Plaintiff does not contest dismissal of count two. For the following reasons, the motion to dismiss will be denied as to count one and granted as to count two.

## DISCUSSION

The function of a motion to dismiss is "merely to assess the legal

feasibility of the complaint, not to assay the weight of the evidence which might be offered in support thereof." Ryder Energy Distrib. v. Merrill Lynch Commodities, Inc., 748 F.2d 774, 779 (2d Cir. 1984). When deciding a motion to dismiss, the Court must accept all well-pleaded allegations as true and draw all reasonable inferences in favor of the pleader. Hishon v. King, 467 U.S. 69, 73 (1984). The complaint must contain the grounds upon which the claim rests through factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff is obliged to amplify a claim with some factual allegations to allow the court to draw the reasonable inference that the defendant is liable for the alleged conduct. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

Defendant contends that plaintiff has not alleged sufficient factual support to establish a plausible prima facie case of disparate treatment under CFEPA, namely that (1) she is a member of a protected class; (2) she was qualified for her position; (3) she suffered an adverse employment action; and (4) the action occurred under circumstances giving rise to an inference of discrimination. See de la Cruz v. New York City Human Resources Admin. Dept. of Social Services, 82 F.3d 16, 20 (2d Cir. 1996).

"A claim is facially plausible when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Progressive Credit Union v. City of New York, 889 F.3d 40, 48 (2d Cir. 2018). Thus, in this instance, plaintiff must allege facts that allow the court to infer the essential elements of a prima facie case. Sosa v. New York City Department of Education, 368 F. Supp. 489, 495 (E.D.N.Y. 2019). Plaintiff has adequately alleged such facts. She alleges that she worked as a dispatcher for defendant; that she was the only African American in her position at defendant's Storrs location; that her performance was "good;" and that she was subjected to racial discrimination and differential treatment that culminated in her termination. She alleges that she was wrongfully disciplined for an incident involving an evacuation of UCONN students; that she was the only employee disciplined on that day; and that similarly-situated Caucasian employees were not disciplined. Further, she maintains that she was the only employee disciplined for cell phone use while on the job, although other employees were not disciplined for the same conduct. The Court finds that these allegations are sufficient to establish a plausible prima facie case. On consideration of a motion for summary judgment, the Court may

determine whether plaintiff was treated less favorably than similarly-situated employees outside of the protected class. The Court will deny the motion to dismiss as to count one.

## CONCLUSION

Based on the foregoing, defendant's motion to dismiss [doc. #16] is DENIED as to count one. The motion to dismiss is GRANTED as to count two. Plaintiff is instructed to file an amended complaint that is consistent with this ruling within 14 days of this ruling's filing date.

/s/Warren W. Eginton
Warren W. Eginton
Senior U.S. District Judge

Dated this 4th day of October 2019, at Bridgeport, Connecticut.